**Dock v. Board of School Directors**
**of Mifflinburg Area School District**

*A. Thomas Wilson,* for plaintiffs.
*Paul E. Johnson,* for defendants.

KALP, P. J., December 26, 1972.—This case involves a dispute between certain citizens of Buffalo Township, Union County, and the Mifflinburg Area School District. The parties are in substantial agreement as to the facts, which are as follows:

Since at least 1885, high school pupils from the eastern part of Buffalo Township, adjoining the Borough of Lewisburg, have traditionally attended Lewisburg High School on a tuition basis. In 1951, the Buffalo Township School District entered into agreements with what was then known as the Eastern Area Joint Schools, consisting of school districts in the Lewisburg area of Union County and the Western Area

Joint Schools, consisting of school districts in the Mifflinburg area of Union County.

Under these agreements, elementary students from Buffalo Township attended the Western Area Jointure elementary schools; secondary students from Buffalo Township had the option of attending either the eastern area Lewisburg High School or the western area Mifflinburg High School. This arrangement was brought about because of the unique geographical location of Buffalo Township, which stretches from the western edge of Lewisburg Borough to the eastern edge of Mifflinburg Borough. Thus, Buffalo Township School District had a dual relationship: it really belonged to two jointures and was one of the very few school districts in the Commonwealth of Pennsylvania which was in this unique position.

The School Reorganization Act of March 10, 1949, P. L. 30, art. II, as amended August 8, 1963, P. L. 564, sec. 3, 24 PS §2-290.1, required the Union County Board of School Directors to submit a plan of reorganization of administrative units for county school districts to the State Board of Education before July 1, 1964.

Since Buffalo Township School District belonged to both eastern and western area jointures, it was given three options concerning the plan to be submitted to the State Board of Education: (1) to join the Mifflinburg School District; (2) to affiliate with the Lewisburg School District; or (3) to force one school district for the entire county.

All directors of the Buffalo Township School Board were in favor of a single district for all of Union County; it was felt such a setup would solve the problems created by Buffalo Township's unique geographical location. However, the 13 other school districts in the county preferred to form two school districts,

comprised of the same districts as had previously been affiliated with the eastern and western jointures.

Consequently, in order to accommodate the preference of other Union County school districts, a compromise was suggested whereby the Buffalo Township secondary students, grades 7 through 12, would have the option of attending either the Mifflinburg District secondary schools or the Lewisburg District secondary schools. As a result of this compromise, the following resolution was passed by the Buffalo Township School Directors on January 20, 1964:

"WHEREAS, it has become necessary for the School Directors of Buffalo Township to decide on the choice of a two unit or one unit school system for Union County, and

"WHEREAS, the Board of School Directors of Buffalo Township favor a one unit system, but

"WHEREAS, thirteen school districts in Union County have voted in favor of a two unit system, and the Board of School Directors of Buffalo Township will delay reorganization of a school system within the County by maintaining their present view, and

"WHEREAS, after considering all of the circumstances:

"NOW, THEREFORE, BE IT HEREBY RESOLVED that the Board of School Directors of Buffalo Township, Union County, Pennsylvania agree that the County of Union be set up on a two unit basis for educational purposes: that Buffalo Township become *a part of the Western Area unit when the same is formed according to law;* that after the two unit system is established the Western Area unit to which Buffalo Township School District will become a part, shall afford to all secondary school pupils in Buffalo Township the right and privilege to attend the Eastern Area Unit Secondary Schools on a tuition basis, the tuition

to be paid by the Western Area unit, said choice to be made by the *pupils;* and that the Western Area unit provide transportation for all secondary school pupils attending the Eastern Area Unit Secondary Schools on a tuition basis." (Italics supplied.)

The western area joint school system unanimously accepted the resolution of the Buffalo Townhip School Board by passing the following resolution on February 13, 1964:

"Motion by Mr. Noll, Limestone, seconded by Mr. Klingman, Mifflinburg, to accept the Resolution of the Buffalo Township School District passed at their special meeting held January 20, 1964, previously stated, whereby Buffalo Township School District would become a part of the Western Area Joint School System, and that a copy of this motion be sent to the Secretary of the Buffalo Township School District. Motion carried."

The Buffalo Township resolution was also accepted by the Lewisburg Area Joint School District.

Subsequently, the Union County Board of School Directors submitted the two unit plan to the Department of Public Instruction. The plan was approved, effective January 1, 1965.

This agreement was honored by the Mifflinburg Area School District until October 14, 1971, when the following resolution was passed:

"The Board made a new resolution to terminate the tuition to Lewisburg Area School District for all Buffalo Township students as of the 1971-1972 school year. Motion by Mr. Glenn Snook, seconded by Mr. Chappell to terminate the tuition. Roll call vote was taken as follows: William Chappell, yes; Randall W. Haire, no; Owen E. Heiss, no; John W. Sauers, yes; Kenneth T. Shuck, yes; Glenn E. Snook, yes; Harry

L. Snook, yes; Robert K. Strunk, pass; 5 yes, 2 no, 1 pass. Motion carried."

The Mifflinburg Area School District contends that the School Reorganization Act, supra, ". . . vitiated the prior agreement between Buffalo Township School District and the Western Area School District by operation of law and made it null and void and unenforceable. The Mifflinburg Area School District, for the reason that it is paying tuition for Buffalo Township students attending Lewisburg High School has the right under the law to insist that the students attend the schools in the district in which they reside, to wit, Mifflinburg Area School District."

Whether this contention is correct is the sole issue before the court.

The School Reorganization Act in no way, directly or indirectly, provides for the abrogation of school district agreements existing prior to the reorganization under the act. As a matter of fact, section 298 of the Reorganization Act, 24 PS §2-298, provides that obligations and assets of the former school district shall become the obligations and property of the new school district.

Section 1313 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §13-1313, provides:

"The board of school directors of any district may, on account of convenience of access, or other reasons, permit any pupils to attend the schools of another district."

This court is of the opinion that under the facts in this case, the Mifflinburg Area School District is estopped from refusing to comply with the agreement which it entered into by approving the Buffalo Township School Board resolution of July 20, 1964. The Mifflinburg Area School District and the former

Western Area Joint District are made up of identical districts and the change is merely one of nomenclature used for simple conformity with type names of high schools throughout Pennsylvania.

The Mifflinburg Area School District, formerly known as the Western Area Joint School District, represented to Buffalo Township that it would give the secondary pupils in Buffalo Township the option of attending either the Lewisburg High School or the Mifflinburg High School. The Buffalo Township School Board relied on this representation to its detriment in that it gave up its right to insist on a single school district for all of Union County. Thus, all of the elements of equitable estoppel appear to be present in this case; a representation relied upon by the promises to its detriment. Furthermore, the refusal of the Mifflinburg School District to honor this agreement is arbitrary and capricious.

It is contended by the Mifflinburg Area School District that since the agreement went into effect it has been required to pay tuition to the Lewisburg Area School District in the amount of $325,107.42. It is contended that this creates a tremendous financial burden to that district. The figure is no doubt true, but this is not the cost to the Mifflinburg Area School District, since it is reimbursed by the State on the basis of the cost per high school pupil to the Mifflinburg Area. It is true that the cost per pupil for high school students in the Lewisburg High School is slightly higher than the cost per pupil at Mifflinburg. However, the cost per pupil to the Mifflinburg system for Buffalo Township students sent to Lewisburg on a tuition basis under the agreement would simply be the difference in reimbursement, based on the cost per pupil at Lewisburg and the cost per pupil at Mifflinburg for the relatively small group that elected, for convenience

of access or other reasons, to attend Lewisburg High School.

While not controlling, another principle is involved in this case. When the Mifflinburg School District terminated the agreement with Buffalo Township School District on October 14, 1971, secondary pupils living in Buffalo Township, who were literally within sight and walking distance of Lewisburg High School, were ordered to be bussed approximately nine miles to the Mifflinburg High School. The court is of the opinion that such an arrangement is neither just nor equitable.

For the reasons stated, it is ordered that the preliminary injunction be, and the same hereby is, made permanent.

## MEMORANDUM

KALP, P. J., June 19, 1973.—On August 1, 1972, this court issued a preliminary injunction "enjoining the defendants from denying the right of students in Buffalo Township to have the option of attending secondary educational institutions in the Mifflinburg Area School District or the Lewisburg School District."

After hearing, the court filed on December 26, 1972, an opinion and order making the preliminary injunction permanent. Under Pennsylvania Rule of Civil Procedure 1517, the opinion should have been designated an adjudication and the order should have been a "decree nisi."

On January 29, 1973, defendants filed a petition to dissolve the injunction. At the hearing on this petition, it was agreed that the opinion and order should be treated as an adjudication and decree nisi, and that the petition to dissolve the injunction should be treated as exceptions thereto, even though not filed within the required 20 days under Pa. R.C.P. 1518.

The petition to dissolve the injunction sets forth five reasons which shall be considered seriatim:

I. It is contended that the "Order of December 26, 1972, purported to make permanent the Preliminary Injunction issued on August 1, 1972, but, according to Rule 1531(b) of the Pennsylvania Rules of Civil Procedure, the Preliminary Injunction issued on August 1, 1972, was invalid since no bond or security was filed by the Plaintiffs."

It is true that no bond or security was filed by plaintiffs, but defendants stipulated of record that no bond be required or filed.

II. Defendants contend that the order of December 26, 1972, purported to make permanent the preliminary injunction issued on August 1, 1972, but, according to Rule 1531(d) of the Pennsylvania Rules of Civil Procedure, the prior injunction issued on August 1, 1972, was dissolved August 6, 1972, because no hearing was held within five days as required by the rule. There is no merit in this exception as the parties agreed that "[T]he hearing date on the injunction be held at a date in excess of five days from the filing of the Complaint."

III. Defendants contend that the order of December 26, 1972, was invalid because the parties were not given leave to file exceptions thereto as required by Rule 1518 of the Pennsylvania Rules of Civil Procedure.

There is no merit in this exception as it had been agreed to treat defendants' petition to dissolve the injunction as exceptions thereto.

IV. The fourth exception contends that there is no evidence to support certain findings of fact. Particularly,

A. The finding that the school district of Buffalo Township at the time of reorganization in 1964 could

have forced the creation of a single school district for all of Union County.

This finding of fact is, in the opinion of the court, amply supported by testimony of witnesses for both plaintiffs and defendants. See, inter alia, testimony of Professor Earl Thomas, which was not denied or contested at the hearing.

B. Defendants contend that the finding of the court ". . . that, since the Mifflinburg Area School District is reimbursed by the State, the expenses involved in paying tuition of Buffalo Township pupils for attendance at the Lewisburg High School is not substantial."

There is no merit to the exception as the court made no such finding, but simply found that the costs to the Mifflinburg Area School District were not as substantial as contended by that district.

V. Defendants also except to two conclusions of law:

A. That the Resolution of the Western Area School District of February 13, 1964, was and is binding on the Mifflinburg Area School District;

B. The conclusion that the Mifflinburg Area School District is perpetually obligated, by reason of equitable estoppel, to pay the tuition of all students in Buffalo Township who desire to attend Lewisburg High School.

The Mifflinburg Area School District and the former Western Area Joint District are one and the same district; the name change was merely one to conform to the required nomenclature used as a type name for high school districts throughout Pennsylvania.

The School Reorganization Act in no way, directly or indirectly, provides for the abrogation of school district agreements existing prior to the reorganization under the act. As a matter of fact, section 298 of the Reorganization Act, 24 PS §2-298, provides that

56

obligations and assets of the former school district shall become the obligations and property of the new school district.

The court is of the opinion that where, as in this case, the Mifflinburg Area School District entered into an express agreement which it would be unconscionable to repudiate, equitable estoppel applies, even though the school district is a political subdivision of the State. There is no valid reason under the facts of this case why the school district should not be bound by the same standards of fair play and honesty as an individual.

For the reasons stated, all of the exceptions in defendants' petition to dissolve the injunction are dismissed, and the court directs the entry of the following

### FINAL DECREE

And now, June 19, 1973, it is ordered that the Mifflinburg Area School District be and hereby is enjoined from denying students in Buffalo Township the right to the option of attending secondary educational institutions in either the Mifflinburg Area School District or the Lewisburg Area School District.